### HARRY A. MOORE *vs.* GEORGE CUOZZO.

Penobscot County. Decided September 8, 1927. The plaintiff, a machinist, recovered a verdict against the defendant for $114.30 for labor performed and certain parts furnished in repairing a broken rock crusher. The defendant moves for a new trial on the usual grounds.

He contends that the plaintiff orally agreed to do the job for fifty dollars. He also sets up accord and satisfaction.

The plaintiff, he says, accepted a check for fifty dollars in full settlement. The plaintiff positively denies that he agreed to do the work for any fixed sum, and also denies the alleged accord and satisfaction. Facts alone are in dispute.

Neither the plaintiff's evidence nor that of the defendant is grossly unreasonable or improbable. Neither is inconsistent with circumstances admitted or demonstrated.

The defendant's testimony is corroborated by certain of his employees. But the plaintiff's unsupported story was evidently believed by the jury.

We are asked to hold that the jury manifestly erred in accepting the testimony of one witness, rather than the contradicting testimony of two or three witnesses.

Error there may have been, but it is not thus made "manifest." It is frequently said that preponderance of evidence does not consist in mere superiority of numbers.

The account sued, all of which with interest was included in the verdict, contains an item of ten dollars and thirty-two cents for "over time". No charge of this kind was contained in the original bill as rendered. It appears not to have been contemplated when the work was done. The undisputed evidence does not warrant its recovery.

If within thirty days from the date of receipt of rescript by the Clerk of Courts for Penobscot County, the plaintiff files a remittitur for the sum of ten dollars and thirty-two cents the mandate will be, Motion overruled. If no remittitur filed, Motion sustained, New trial granted. *Simon J. Levi*, for plaintiff. *Daniel I. Gould*, for defendant.